H. & C. NEWMAN v. J. W. TILLMAN ET AL.

1. TRUST-FUND. *Notice. Unindorsed note. Death of payee.*

   Where the payee of a note dies after its execution, and it goes into the hands of a third person, who collects it from the maker, the fact that the paper is not indorsed by the payee is sufficient to put the person collecting it on inquiry, and to charge him with notice of the payee's death, and that his estate is in process of administration, and to impose the obligation of paying the proceeds to the real owners.

2. SAME. *Misappropriation. Participation. Liability therefor.*

   One having notice which is sufficient to put him on inquiry as to the misappropriation of a trust-fund, and, without making the inquiry, participates beneficially in the disposition thereof, is liable to the true owner, though he may have been without actual knowledge of the rights of such owner.

FROM the chancery court of Washington county.

HON. W. R. TRIGG, Chancellor.

The appellees, J. W. Tillman and J. F. Tillman, minors, by their mother and next friend, Amanda Tillman, filed the bill in this case to recover from the appellants, H. & C. Newman, two-thirds of the amount of a certain note collected by them from J. T. Manor. The note in question was for $2,-069.16, executed by said Manor January 17, 1883, payable December 20 thereafter to J. F. Tillman, father of complainants. On April 26, 1884, he collected $500, which was credited on the note. On November 1, 1884, said J. F. Tillman died intestate, and Amanda Tillman, his wife, qualified as guardian of complainants, his children. On November 20, 1884, William Wood, her brother, qualified as administrator of the estate of said J. F. Tillman, deceased.

The note of Manor was found among the papers of the decedent, and his widow, the guardian, delivered it to Wood, the administrator. All of the parties lived in Washington county, except H. & C. Newman, who were commission merchants and cotton factors in New Orleans, La. The said William Wood and Amanda Tillman, partners under the firm name of William Wood & Co., were merchants at Hollandale, Miss., and Manor resided about ten miles from that place. Wood & Co. transacted business with H. & C. Newman, as their commission merchants, and were indebted to them. After having an understanding with Manor as to the payment of the note, and agreeing to grant him time, the said William Wood, in 1887, placed the note for collection in the hands of H. & C. Newman, who were the commission merchants of Manor also, and to whom he made shipments of cotton. The note was not indorsed by the decedent or his administrator. On January 20, 1887, Manor, having funds with said commission merchants, drew a draft on them for $800. This draft was made payable to H. & C. Newman for the credit of Wood & Co., and was given as a payment on the said note, and the amount was credited thereon. On

February 17, 1888, he gave them, in like manner, a draft for $1,000, the balance due on said note, whereupon the same was delivered to him by said H. & C. Newman. The amounts thus collected by them of Manor were credited on the account of Wood & Co., and statements were rendered to said firm showing this fact.

Wood was not discharged as administrator until April 4, 1888. The bill in this case was filed in the court below March 29, 1893, the complainants, heirs of the said J. F. Tillman, deceased, claiming, as their share, two-thirds of $1,800, the amount collected by H. & C. Newman, as aforesaid, the widow being entitled to one-third. Certain persons who were indebted to H. & C. Newman were joined as parties defendant.

The defendants, H. & C. Newman, answered, denying that they had any knowledge that complainants were interested in the note, and averred that the same was placed in their hands merely for collection, with instructions to credit the proceeds to Wood & Co., composed of the administrator and guardian, the said firm being at that time, and since, largely indebted to them. They averred that the said administrator had the right to direct the application of the money thus collected, and had done so in the manner stated. They also set up as a bar the statute of limitations of three and six years.

William Wood was examined as a witness for complainants, and testified that the note had never come into his hands as administrator, and had never been appraised or charged to him as a part of the estate of J. F. Tillman; that it was delivered to him by the widow, Amanda Tillman, and that he arranged with the maker for the payment of the same, and agreed to indulge him; that he delivered the note to H. & C. Newman for collection, and expected the money to be paid to Mrs. Tillman as guardian of the children; that he gave no written or verbal instructions that the proceeds of the note were to be credited to the firm of William Wood

& Co., though he admitted receiving from H. & C. Newman statements of account showing that the amounts received from Manor had been credited on the account of his firm, and that he made no objection thereto. He testified that he did not object, because he feared that said commission merchants, to whom his firm was largely indebted, would close him out. He stated that he did not inform H. & C. Newman that he was not chargeable with said note as administrator, but merely placed it in their hands for collection, and that the proceeds of the note did not come into his hands as administrator.

The defendants, H. and C. Newman, testified that the note was deposited with their firm by William Wood, with instructions to collect the same and credit the firm of Wood & Co. with the amount, and that this was done, and that statements were promptly rendered Wood & Co. accordingly; that defendants had agreed to advance the said firm $4,000, and, after the note was deposited with them, by reason thereof, the advances were increased to $7,000, and that the firm continued to draw on them; that Wood & Co. was indebted to them in a large sum, which was still unpaid, the amount remaining due September 1, 1892, being $9,983.62, besides interest; that defendants had confidence in the honesty of Wood, and believed that he had the right to direct the disposition of the proceeds of the note, and that when the amount was paid and credited, the note was delivered to Manor, in pursuance of the instructions given by Wood; that they had no authority to credit the proceeds of the note otherwise than as they were directed.

A decree was entered for complainants in accordance with the prayer of the bill, from which this appeal is prosecuted.

*Frank E. Larkin,* for appellants.

The opinion in *Ferguson* v. *Shepherd,* 58 Miss., 804, would seem to deny the correctness of the contention of opposite counsel, and to indicate that a minor may be deprived of his

property through the fault or negligence of his guardian, and be remitted to his right to recover on the guardian's bond, where innocent purchasers for value, in dealing with such guardian, have acquired property in which the minor has an interest. Without any advantage to accrue to them, appellants took for collection a note, then in the possession of the administrator of the deceased payee, who was clothed with full authority to collect all debts due his intestate, and did make the collection. When the money was paid, statements were rendered Wood & Co., composed of the administrator and the guardian, showing that the amounts had been credited to the account of said firm. This was approved and ratified. The duty of a collecting agent is fully discharged when, without notice from the real owner of paper, he follows the instructions of his principal who has the right to intrust him with the collection. .

No duty of inquiry was cast upon appellants to ascertain whether the collection could properly be credited as directed, because they were not concerned as to this. If they succeeded in making the collection, they were not to be benefited; if they failed, they would lose nothing. Therefore they incurred no liability in placing the sums to the credit of Wood & Co. They had no knowledge that trust-funds were being misappropriated, nor was their connection with the note such as to call for inquiry on their part.

After the collection was made and credited as directed, Wood & Co. drew largely in excess of the amount. The funds, in that way, came into the hands of the guardian and administrator, one of whom was unquestionably entitled to receive the same.

If mistaken in this, then we contend that there was no payment of the note by Manor. If there was any wrong, it was on his part, and there was no real payment. If appellants had no right to accept payment made in the manner shown, then the maker of the note had no right thus to make the payments, and he was never discharged from lia-

bility on the note, and its mere surrender to him can in no way prejudice the rights of complainants. They cannot elect to consider the note as paid and recover from defendants the sum received by them, or to hold Manor on the original indebtedness. The law does not give the right of such election where there is no recourse for the one forced to meet a demand against another. If the note was not paid, Manor is alone liable. His liability and that of the defendants cannot co-exist, nor can the election of appellees determine who is liable.

*Yerger & Percy*, for appellees.

In no view of the case is the contention of appellants maintainable. Wood had no right to deposit the note as collateral security for the indebtedness of Wood & Co. It did not belong to him, nor had it ever come into his hands in his capacity as administrator. He asserted no claim thereto, and there is no proof that the amount of the note was required for the payment of any debts of the estate of J. F. Tillman.

The note was not indorsed or assigned in any way, and this was sufficient to charge appellant with notice as to who was the legal owner, and to put them on inquiry as to the right which Wood had to deal with the note. It was apparent from the face thereof that it did not belong to Wood or to his firm.

The law imposes on those dealing with an agent or trustee the obligation of ascertaining the extent of his power. *Mc-Lemore* v. *Hawkins*, 46 Miss., 715; Story on Prom. Notes, § 120*a*.

The appellants could not appropriate the proceeds of this note, which was a trust-fund, to the individual indebtedness of Wood & Co. On this point, see *Armour* v. *Bank*, 69 Miss., 700.

*Ferguson* v. *Shepherd*, 58 Miss., 804, is not an authority in support of the position of opposite counsel. In truth, it supports the position of appellees.

WOODS, J., delivered the opinion of the court.

The only question thought to be debatable is a very narrow one, and readily resolvable.

The note left with the Newmans for collection was, on its face, payable to the order of J. F. Tillman. It was unindorsed by the payee, or by his personal representatives. These facts were sufficient to have put the Newmans on inquiry, and any inquiry would have shown that J. F. Tillman was dead, and his estate in process of administration, and that William Wood & Co. were not entitléd to the proceeds of the note when collected. No matter what William Wood directed, or did not direct, as to the disposition of the collection, the Newmans had notice which was ample to put them on inquiry, and they failed to make it, and are fairly chargeable with participation, beneficially, in the disposition of this trust-fund. William Wood's supposed assumption of ownership of the note, and William Wood's supposed authorization and direction to the Newmans to collect and place to his credit, cannot avail the Newmans. They knew, or could and should have known, that the money to be collected was a 'trust-fund, and its misappropriation was beneficially participated in by them. By settled law they must respond to the true owner.

*Affirmed.*